IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEXTER STURGEON, JR., ) | |
| # 1650438, ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | No. 3:22-CV-480-S-BH |
| ) | |
| DIRECTOR, TDCJ-CID, ) | |
|     Respondent. ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 5, 2022 (doc. 14), should be **DISMISSED**.

### I.   BACKGROUND

Dexter Sturgeon, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions and sentences in "Cause No. F09-32977-PR/ Cause No F09-32976-PR" in Dallas County, Texas. (doc. 14 at 2.) The respondent is the Director of TDCJ-CID. (*See id.* at 1.)

On May 21, 2010, a jury convicted Petitioner of aggravated sexual assault of a child under 14 and in Case Nos. F-0932976-R and F-0932977-R, respectively, in the 265th Judicial District Court of Dallas County, Texas, and sentenced him to 70 years' imprisonment and life imprisonment. *See State v. Sturgeon*, Nos. F-0932976-R, F-0932977-R (265th Jud. Dist. Ct., Dallas Cnty., Tex. May 21, 2010). The judgments were affirmed on appeal. *Sturgeon v. State*, Nos. 05–10–00672–CR, 05–10–00673–CR, 2011 WL 5042087 (Tex. App.—Dallas Oct. 25, 2011,

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

pet. ref'd). On April 25, 2012, the Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) in both cases. *See Sturgeon v. State*, Nos. PD-1747-11, PD-1748-11 (Tex. Crim. App. Apr. 25, 2012).

Petitioner's first state habeas applications in each case, received by the Texas Court of Criminal Appeals on October 16, 2017, were denied without written order on the findings of the trial court without a hearing on November 8, 2017. *See Ex parte Sturgeon*, Nos. WR-87,548-01, WR-87-548-02 (Tex. Crim. App. Nov. 8, 2017). On December 11, 2017, Petitioner filed his first federal habeas petition under § 2254 challenging his convictions and sentences. *See Sturgeon v. Davis*, No. 3:17-cv-3365-G-BN, 2018 WL 1721941 (N.D. Tex. Mar. 21, 2018), *rec. adopted*, 2018 WL 1718076 (N.D. Tex. Apr. 9, 2018). The petition was denied as barred by the statute of limitations. (*See* No. 3:17-cv-3365-G-BN, doc. 13.) He did not appeal the denial to the United States Court of Appeals for the Fifth Circuit (Fifth Circuit).

While his first § 2254 petition was pending, Petitioner filed his second state habeas applications in each case, both of which were dismissed by the Texas Court of Criminal Appeals as subsequent applications on February 21, 2018. *See Ex parte Sturgeon*, Nos. WR-87,548-03, WR-87-548-04 (Tex. Crim. App. Feb. 21, 2018). His second § 2254 petition challenging the same convictions and sentences was transferred to the Fifth Circuit because he had not received authorization to file a successive petition. *See Sturgeon v. Davis*, No. 3:20-cv-130-K-BN, 2020 WL 890385, at *2 (N.D. Tex. Jan. 21, 2020), *rec. adopted*, 2020 WL 887711 (N.D. Tex. Feb. 24, 2020). The Fifth Circuit denied authorization to file a successive § 2254 petition on June 2, 2020. *See In re Sturgeon*, No. 20-10207 (5th Cir. June 2, 2020).[2]

Petitioner again challenges his state convictions and sentences on two grounds: (1)

---

[2] Petitioner has also attempted to challenge his sentences and convictions in a civil action filed under 42 U.S.C. § 1983. *See Sturgeon v. Director, et al.*, No. 3:22-CV-629-E-BK (N.D. Tex. Mar. 17, 2022).

"Illegally Imprisoned"; and (2) "Falsely Convicted." (doc. 14 at 6.) He claims that he is actually innocent and seeks relief "TAKEN to fullest extent of the LAW. Would like to see real justice done to those to whom did this to me." (*Id.* at 7; *see also id.* at 11.)

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Courts have "a continuing obligation to examine the basis for their jurisdiction." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in an earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment."). A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487-88 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637,

3

643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Martinez-Villareal*, 523 U.S. at 645.

Here, Petitioner challenges the same convictions and sentences that he challenged in a prior federal petition that was denied on its merits. (*See* doc. 14 at 2, 6; doc. 15); *Sturgeon*, 2018 WL 1721941, at *1, 3-4. Under *Hardemon* and *Crone*, he was required to present all available claims in that petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004), *rec. adopted,* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction and sentence.

Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." 28 U.S.C. § 2244(b)(3)(C). To present a claim in a second or successive habeas petition that was not presented in a prior petition, the petition must show that it is based on: (1) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that

was previously unavailable"; or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [ ] the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing this Court to consider a successive § 2254 motion, it lacks jurisdiction to consider the petition and it is subject to dismissal. *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015). "Alternatively, a district court may transfer a petition lacking authorization to [the Fifth Circuit] for want of jurisdiction upon a finding that the petition is successive." *Id.* Here, because Petitioner has filed multiple challenges to the same state convictions, his habeas claims should be dismissed for lack of jurisdiction.

### III. CIVIL CLAIMS

As discussed, Petitioner seeks relief "TAKEN to fullest extent of the LAW. Would like to see real justice done to those to whom did this to me." (doc. 14 at 7.) He also states that the "people that did this to me all purposely, willingly, and knowingly (broke the LAW) to which is proven in my court records," and that he "would like to see the Courts to do what is only right and fair." (*Id.*) These allegations and requests for relief do not specifically challenge his custody.

To the extent Petitioner seeks to assert separate claims against individuals or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. Courts may only consider federal habeas petitions under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action

under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[3] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, and because he has already filed a separate civil action, Petitioner's filing is not liberally construed as seeking to open a new case at this time.

## IV. RECOMMENDATION

Any habeas claims in the *Amended Petition for a Writ of Habeas Corpus by a Person in State Custody*, received on April 5, 2022 (doc. 14), should be **DISMISSED** for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit. Any civil claims should be dismissed without prejudice to prejudice to seeking relief in a separate civil action.

---

[3] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

**SIGNED this 12th day of April, 2022.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE