IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEXTER STURGEON, JR., ) | |
| # 1650438, ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 3:22-CV-480-S-BH |
| ) | |
| DIRECTOR, TDCJ-CID, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's *Tony Epps Angleton Tx Pro-Se* filing, received on May 24, 2022 (doc. 21). Based on the relevant filings and applicable law, the filing should be liberally construed as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) and **DENIED**.

### I. BACKGROUND

Dexter Sturgeon, Jr. (Petitioner), filed an amended federal habeas petition under 28 U.S.C. § 2254 that was received on April 5, 2022. (*See* doc. 14.) On April 12, 2022, it was recommended that the petition be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a motion for leave to file a successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit (Fifth Circuit). (*See* doc. 18.) To the extent he raised civil claims in the petition, those claims were dismissed without prejudice to seeking relief in a separate civil action. (*See id.*) On May 12, 2022, the recommendation was accepted, the petition was dismissed, a certificate of appealability was denied, and judgment was entered. (*See* docs. 19, 20.) In his filing postmarked May 20, 2022, and received on May 24, 2022, Petitioner appears to challenge the dismissal of this

---

[1] By *Special Order No. 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

action. (*See* doc. 21.) He provides an almost word-for-word handwritten copy of *In re Epps*, 127 F.3d 364 (5th Cir. 1997), and appears to claim innocence. (*See id.*)

## II. FED. R. CIV. P. 59(e)

Because Petitioner's filing appears to challenge the dismissal of this action and was received within 28 days of the entry of judgment, it should be liberally construed as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *See Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010) ("When a litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit."), *abrogated on other grounds by Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021). To prevail on a motion to alter or amend a judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* When considering a motion to alter or amend a judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).

Here, Petitioner appears to challenge the dismissal of this action by relying on *Epps* and claiming that he is innocent. (*See* doc. 21.) In *Epps*, a district court transferred a petitioner's

successive § 2254 petition to the Fifth Circuit "for a determination whether the successive petition should be allowed" under 28 U.S.C. §§ 2244(a) and (b)(3)(C). *Epps*, 127 F.3d at 365. Because the petitioner had not sought authorization to file a successive § 2254 petition, the Fifth Circuit directed its clerk to notify him about the need to move for authorization to file a successive petition and the requirements for a motion. *See id.*

As discussed in the recommendation, Petitioner's § 2254 petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in a prior federal petition that was denied on its merits. (*See* doc. 18 at 4-5.) It noted that the Court lacked jurisdiction to consider the petition, and that the petition was subject to dismissal because the Fifth Circuit had not authorized the filing of a successive § 2254 petition. (*See id.* at 4.) After noting that a court could alternatively transfer an unauthorized successive § 2254 petition to the Fifth Circuit, dismissal was instead recommended because Petitioner has filed multiple challenges to the same state convictions. (*See id.* at 5.) Because Petitioner's successive § 2254 was dismissed and not transferred, *Epps* has no bearing here. Further, to the extent Petitioner alleges innocence of the same state convictions, his claim fails to address the basis for the dismissal of his § 2254 petition, i.e., that it is an unauthorized successive petition. Rule 59(e) is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479.

Petitioner has not shown the availability of new evidence not previously available, or that a manifest error of law or fact was made. He therefore is not entitled to relief under Rule 59(e).

### III.  RECOMMENDATION

The petitioner's *Tony Epps Angleton Tx Pro-Se* filing, received on May 24, 2022 (doc. 21), should be liberally construed as a motion to alter or amend the judgment under Federal Rule of

3

Civil Procedure 59(e) and **DENIED.**

  **SIGNED this 26th day of May, 2022.**

                    _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

  A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                    _____
                    IRMA CARRILLO RAMIREZ
                    UNITED STATES MAGISTRATE JUDGE